**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 23, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

ALBERT EUGENE RICHMOND,

Petitioner - Appellant,

v.

DAN SCHNURR,

Respondent - Appellee.

No. 24-3146
(D.C. No. 5:24-CV-03137-JWL)
(D. Kan.)

_____

## ORDER DENYING CERTIFICATE OF APPEALABILITY*
_____

Before **TYMKOVICH**, **MATHESON**, and **FEDERICO**, Circuit Judges.
_____

Albert Eugene Richmond, a Kansas prisoner proceeding pro se, seeks a

certificate of appealability (COA) to appeal the district court's dismissal of his

28 U.S.C. § 2254 application. We deny a COA and dismiss this matter.

## I

This case has made its way to us along a winding procedural path. In

2007, a Kansas jury convicted Mr. Richmond of first-degree premeditated

murder. The trial court sentenced him to prison without the possibility of

---

\* This order is not binding precedent except under the doctrines of law of
the case, res judicata, and collateral estoppel.  It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

parole for 50 years. On July 24, 2009, the Kansas Supreme Court (KSC) affirmed his conviction and sentence. *State v. Richmond*, 212 P.3d 165 (Kan. 2009).

On July 1, 2010, Mr. Richmond filed his first motion for state habeas corpus relief under Kan. Stat. Ann. § 60-1507, claiming ineffective assistance of trial counsel. The state district court appointed counsel for Mr. Richmond ("habeas counsel"), held an evidentiary hearing, then denied the motion. On October 26, 2012, the Kansas Court of Appeals (KCOA) affirmed the state district court's denial of relief. *Richmond v. State*, No. 106,885, 2012 WL 5366932 (Kan. Ct. App. Oct. 26, 2012) (unpublished). Mr. Richmond did not seek review from the KSC.

On June 24, 2013, Mr. Richmond filed a second motion for relief under § 60-1507, alleging ineffective assistance of both his trial counsel and his habeas counsel. The state district court denied relief on all claims except one: Mr. Richmond's claim that his habeas counsel was ineffective by failing to advise him of his right to file a petition for review with the KSC. As a remedy for that ineffective assistance, the state district court granted Mr. Richmond 30 days in which to file a petition for review from the KCOA's order in his first § 60-1507 motion.

Mr. Richmond filed a timely petition for review with the KSC. He also appealed to the KCOA from the state district court's denial of his other claims

2

in the second § 60-1507 motion. On February 18, 2016, the KSC denied his petition for review concerning the first § 60-1507 motion. But before the KCOA could rule on the second § 60-1507 motion, Mr. Richmond sought federal habeas relief.

On March 8, 2016, Mr. Richmond filed a § 2254 application in the District of Kansas, which was docketed as *Richmond v. Heimgartner*, 5:16-cv-03058-JWL (D. Kan. Mar. 8, 2016). On June 1, 2016, the federal district court entered an order advising Mr. Richmond that if he proceeded with his § 2254 application before he had exhausted the claims that were then pending before the KCOA, he might be barred from raising those additional claims in a future § 2254 application. *See* 28 U.S.C. § 2244(b)(3)(A) (requiring authorization from court of appeals before raising claims in a second-or-successive § 2254 application). The federal district court gave him the option of either proceeding with his § 2254 application or dismissing it without prejudice while he exhausted his pending claims in state court. Mr. Richmond chose to dismiss, and on June 23, 2016, the federal district court dismissed the application without prejudice.[1]

---

[1] In its order, the district court stated that it had made no finding about the time remaining on the one-year limitation period for filing a § 2254 application contained in 28 U.S.C. § 2244(d). It advised Mr. Richmond to present his claims in a future § 2254 application without delay to avoid a possible time bar.

On November 23, 2016, the KCOA affirmed the denial of the second § 60-1507 motion. *Richmond v. State*, No. 114,536, 2016 WL 6915148 (Kan. Ct. App. Nov. 23, 2016). Mr. Richmond filed a petition for review, which the KSC denied on July 25, 2017.

Apparently, nothing further happened in the § 2254 case for approximately seven years. Then, on August 8, 2024, Mr. Richmond filed a motion in No. 16-cv-03058 which the federal district court construed as a motion to reopen. This motion included his present § 2254 application. The district court declined to reopen the closed case and instead ordered the clerk of court to file the application and supporting documents as a new § 2254 case. It then issued an order in the new case directing Mr. Richmond to show cause why the matter should not be dismissed under the one-year limitations period in 28 U.S.C. § 2244.

Mr. Richmond filed a response to the order to show cause. The district court considered the response and determined that even if the court (1) applied statutory tolling to the one-year deadline based on the pendency of Mr. Richmond's first § 60-1507 motion, *see* § 2244(d)(2), and (2) granted Mr. Richmond an additional period of equitable tolling based on the ineffective assistance of his habeas counsel, the new filing deadline for a § 2254 application would be no later than November 20, 2017. *See* R. at 76-78. Mr. Richmond failed to allege facts in his response showing he was entitled to

4

additional statutory or equitable tolling beyond that date. Because he "waited more than 7 years after his state-court proceedings were final in 2017 to resume his efforts to obtain federal habeas relief," *id.* at 79, the district court dismissed the application as time-barred under the one-year limitation period in § 2244(d). The district court also denied a COA.

## II

Where, as is the case here, the district court denies a habeas petition on procedural grounds (i.e., timeliness) without reaching the underlying constitutional claim, a COA may issue only if Mr. Richmond shows both (1) reasonable jurists would find it debatable whether the petition states a valid claim of the denial of the constitutional right, and (2) reasonable jurists would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We may deny a COA if he fails to meet either of these two requirements. *Id.* at 485.

In his COA application, Mr. Richmond makes no argument that the district court erred in its determination that his § 2254 application was untimely filed. He has therefore waived any such argument. *See Sawyers v. Norton*, 962 F.3d 1270, 1286 (10th Cir. 2020) (explaining that "[i]ssues not raised in the opening brief are deemed abandoned or waived . . . [as are] arguments that are inadequately presented" (internal quotation marks omitted)); *see also Toevs v. Reid*, 685 F.3d 903, 911 (10th Cir. 2012) (noting the

5

waiver rule, under which "[a]rguments not clearly made in a party's opening brief are deemed waived," applies even to pro se litigants who "are entitled to liberal construction of their filings"). By not presenting any argument on this issue, Mr. Richmond has not shown that reasonable jurists could debate the correctness of the district court's decision. He is therefore not entitled to a COA.

## III

We deny a COA and dismiss this matter. We grant Mr. Richmond's motion to proceed without prepayment of costs and fees.

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk